UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:11CR246 CDP |
| ) | (FRB) |
| ANTHONY ROBINSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM, ORDER,
REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Defendant Anthony Robinson filed several pretrial motions. Neither party offered any evidence on any of the motions. Oral argument was heard by the court on several of the motions.[1]

1. <u>Motion For Bill Of Particulars</u> (Docket No. 337)

The purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him and to prevent undue surprise at trial. <u>United States v. Miller</u>, 543 F.2d 1221, 1224 (8th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1108 (1977). However, a bill of particulars is not a proper vehicle by which to seek to obtain names of witnesses, evidentiary detail or the government's

---

[1] In addition to the motions addressed herein, Defendant Robinson also filed a Motion To Sever Defendants and a Motion To Suppress Electronic Surveillance. Those motions are addressed in separate Reports and Recommendations.

theory of the case.  <u>United States v. Largent</u>, 545 F.2d 1039 (6th Cir. 1976); <u>United States v. Matlock</u>, 675 F.2d 981, 986 (8th Cir. 1982).  The information sought by the defendant in his motion is information properly described as "evidentiary detail" or relating to the government's theory of the case and therefore not properly a subject of a bill of particulars.

Further, as noted by the government in its response to the defendant's motion, substantial discovery has been provided to the defendant in this case.  This further obviates the need for a bill of particulars.  <u>United States v. Giese</u>, 597 F.2d 1170, 1180 (9th Cir. 1979); <u>United States v. Kilroy</u>, 523 F.Supp. 206, 211 (D.Wis. 1981).

The indictment in this case is sufficiently precise that it informs the defendant of the charge against him to enable him to prepare a defense, to avoid the danger of surprise at trial, and to plead his acquittal or conviction as a bar to further prosecution on the same offense.  <u>Wong Tai v. United States</u>, 273 U.S. 77 (1927).

Therefore, the defendant's motion should be denied.

2. <u>Defendant Anthony Robinson's Motion To Dismiss Counts 12, 13, 16 And 17 Of The Indictment</u> (Docket No. 340)[2]

In his motion the defendant claims that Counts 10, 11, 14 and 15) of the indictment should be dismissed because they are multiplicitous. An indictment is multiplicitous if it charges the same crime in separate counts. A multiplicitous indictment is impermissible because the jury can convict the defendant on the multiple counts, subjecting the defendant to multiple punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment. <u>United States v. Sandstrom</u>, 594 F.3d 634, 651-52 (8th Cir. 2010); <u>United States v. Platter</u>, 514 F.3d 782, 785 (8th Cir. 2008). If each offense requires proof of an element not required by the others, however, the crimes are not considered the same and a double jeopardy challenge fails. <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932); <u>Sandstrom</u>, 594 F.3d at 654. "[T]he <u>Blockburger</u> test focuses on the statutory elements of the offense, rather than the evidence presented at trial." <u>Sandstrom</u>, 594 F.3d at 654 (internal quotation marks and citation omitted).

---

[2]Defendant's Motion is addressed to Count 12, 13, 16 and 17 of the original indictment filed in this cause on June 9, 2011 (Docket No. 1). A superseding indictment was filed on June 21, 2012 (Docket No. 745). Count 12 in the original indictment is replead as Count 10 in the superseding indictment. Count 13 of the original indictment is replead as Count 11 of the superseding indictment. Count 16 of the original indictment is replead as Count 14 of the superseding indictment, and Count 17 is replead as Count 15 of the superseding indictment. Defendant's motion is herein considered as addressed to Counts 10, 11, 14 and 15 of the superseding indictment.

In addition, the specific charges brought against the defendant in the indictment must also be examined. Id. To show a violation of double jeopardy, the defendant must show that the offenses charged are in law and fact the same offense. United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005).

The defendant claims that the offenses charged in Count 1 (RICO Conspiracy) and Counts (10, 11, 14 and 15) allege the same offenses "because proof of the RICO Conspiracy, in fact, rests upon proof of those offenses" alleged in Count (10, 11, 14 and 15). In support of his position the defendant relies on the district court opinion in United States v. Gardner, 417 F.Supp. 703 (D.MD. 2006). The court in Gardner found that separate charges of RICO Conspiracy under 18 U.S.C. § 1962(d) and (so called) VICAR conspiracy under 18 U.S.C. § 1959(a) passed the Blockburger test because each charge required proof of an element that the other did not. Nevertheless, the Gardner court went on to examine the facts underlying each charge and found them to be the same, and held that Congress did not intend that separate punishments be imposed for violation of the separate statutes.

In United States v. Basciano, 599 F.3d 184 (2nd Cir. 2010) the Second Circuit Court of Appeals held that a RICO Conspiracy charge under 18 U.S.C. § 1962(d) and a VICAR murder conspiracy charge under 18 U.S.C. § 1959(a) were separate and distinct offenses, applying the Blockburger test and specifically rejected the "fact-based" analysis applied in Gardner. Id. at 198-

- 4 -

99. The Court held that the double jeopardy clause was not violated by the separate prosecution under each statute.

Other courts have also held that Congress authorized multiple punishments for violations of 18 U.S.C. § 1962(d) and 1959(a), contrary to the holding in Gardner. See United States v. Ayala, 601 F.3d 256, 265-66 (4th Cir. 2010); United States v. Mahdi, 598 F.3d 883, 888-89 (D.C. Cir. 2010). The undersigned finds the holdings in Basciano, Ayala and Mahdi, and the reasoning thereof to be more persuasive.

In his memorandum accompanying his motions the defendant also argues that Count 1 of the indictment should be dismissed because "it fails to fairly inform Defendant Robinson of the charge against which he must defend and otherwise fails to state an offense.

"A"n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend, and, second, enables him to plead an acquittal or conviction in bar to further prosecutions for the same offense." Hamling v. United States, 418 U.S. 87 (1974).

Count 1 of the indictment alleges a violation of 18 U.S.C. § 1962(d), commonly referred to as a RICO Conspiracy. The elements of such an offense are as follows:

One, the existence of an enterprise;

Two, the enterprise had some effect on interstate commerce;

Three, the defendant was associated with the enterprise;

Four, that two or more persons reached an agreement or came to an understanding to conduct or participate in the affairs of an enterprise, directly or indirectly, through a pattern of racketeering activity; and

Five, that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in existence, and at the time the defendant joined in the agreement or understanding he specifically intended to otherwise participate in the affairs of the enterprise.

See Eighth Circuit Model Jury Instructions, § 6.18.1962B.

The superseding indictment (Docket No. 744) alleges one, the existence of an enterprise, ¶1; two, that the activities of the enterprise affected interstate commerce, ¶2; three, that the defendant was associated with the enterprise, ¶1; four, that nine named persons conspired to conduct and participate in the affairs of the enterprise, directly or indirectly, through a pattern of racketeering activity, ¶19; and that the defendant Anthony Robinson was one of the persons who knowingly and intentionally so conspired, ¶19. Thus, each of the essential elements of the offense are alleged in the indictment. Moreover, the indictment

sets forth sufficient specific detail so as to permit the defendant to plead an acquittal or conviction as a bar to future prosecution.

## Conclusion

For the foregoing reasons the defendant's Motion To Dismiss Counts (10, 11, 14 and 15) Of The Indictment should be denied.

3.  Defendant Anthony Robinson's Motion To Strike Surplusage From The Indictment (Docket No. 342)

Rule 7(d), Federal Rules of Criminal Procedure permits the court to strike "surplusage" from the indictment upon the defendant's motion. The defendant asks the court to strike the following paragraphs from Count 1 of the indictment:

§4. WOS members and associates are part of a larger group of motorcycle enthusiasts collectively known as "Outlaw Motorcycle Gangs," hereinafter, "OMGs." Although these many groups share this collective designation, they are not typically aligned with each other. Rather, the various OMGs maintain rivalries amongst each other, competing for prestige, territory, and national recognition. These rivalries are often fierce and commonly erupt in violence. WOS has variously feuded with other motorcycle clubs such as the Street Soldiers, Hells Lovers, and Outcast. The feud with Outcast has reached nationwide proportions and remains ongoing.

and

§6. A small percentage of WOS members have achieved "1%er" or "diamond" status. Members must earn the 1%'er diamond and/or have another diamond member vouch that they deserve a 1%'er diamond. Members who have a 1%'er diamond patch are considered particularly criminal and violent. The term "one percenter," or 1%er" is a commonly utilized term within the motorcycle club culture, meant to describe the one percent of motorcycle enthusiasts who routinely engage in significant criminal activity. The manner in which the diamond patch is earned is prohibited as a topic of discussion among non-diamond members. Frequently, at regional and national gatherings, meetings are held for diamond members only. At these meetings, club business pertaining to diamond members is discussed.

"A motion to strike surplusage from an indictment . . . should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962). This is an exacting standard, United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990), and therefore, motions to strike surplusage are "rarely granted." United States v. Hedgepeth, 434 F.3d 609, 611 (3rd. Cir. 2006).

In United States v. Scarpa, 913 F.2d 993, 1013 (2nd Cir. 1990) the court observed that "In RICO cases courts have refused to strike allegations of organized crime connections that serve to identify the enterprise and the means by which its members conduct

various criminal activities." Thus numerous courts have refused to strike from an indictment alleging RICO and/or RICO conspiracy offenses portions of an indictment uses terms such as "Crime Family", "Organized Crime Family", "Mafia", "La Cosa Nostra" "Boss", "Underboss", "Capos", "Soldiers", "Made members" and "Crews", because those terms were used to describe the enterprise, its members, and the means used to carry on its activities. See United States v. Bellomo, 263 F.Supp. 2d 561, 584-85 (E.D.N.Y. 2003); United States v. Desantis, 802 F.Supp. 794, 799-800 (E.D.N.Y. 1992); United States v. Rastelli, 653 F.Supp. 1034, 1054-56 (E.D.N.Y. 1986); United States v. Santoro, 647 F.Supp. 153, 176-77(E.D.N.Y. 1986); and United States v. Persico, 621 F.Supp. 842, 860 (S.D.N.Y. 1985). In some cases courts have refused to strike such descriptions from the indictment because the government asserted, as it does here in its response to the defendant's motion, that the members of the conspiracy themselves used the terms and descriptions, such as those set out in paragraphs 4 and 6 of the indictment, to describe the enterprise, the roles of persons in it and their activities. See United States v. Napolitano, 552 F.Supp. 465, 480 (S.D.N.Y. 1982). In United States v. Andrews, 749 F.Supp. 1517 (N.D.Ill. 1990), the court refused to strike as surplusage from a RICO/RICO Conspiracy indictment portions that use terms such as "street gang", "hit man", "enforcer", and "rival gang", because the government claimed that the evidence would show that members of the enterprise used those

- 9 -

terms to describe themselves and their activities.  For all of these same reasons, paragraphs 4 and 6 are properly included in the indictment here.

Therefore, Defendant Anthony Robinson's Motion To Strike Surplusage from the indictment should be denied.

    4.    <u>Motion For Immediate Disclosure Of Favorable Evidence</u>
           (Docket No. 345)

The government is required to provide to the defendant any evidence in its possession which is favorable to the defendant and which is material to the guilt or innocence of the defendant or to punishment.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This includes evidence which may be used to impeach the testimony of government witnesses.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985).

The government shall provide to the defendant the following material or information, if any exists, as to any person who it calls as a witness at the trial of this case:

    1.    The prior criminal history of convictions of the witness;

    2.    Any consideration offered or given to the witness in exchange for his/her testimony and/or cooperation in the investigation of the case;

    3.    Any statement of the witness which relates to the subject matter about which he/she is to testify (Jencks Act Material).

To the extent that the defendant's motion seeks disclosure of the matters ordered disclosed above, it should be granted. In all other respects, it should be denied.

5. <u>Defendant Anthony Robinson's Motion For An Order Requiring The Government To Give Immediate Notice Of Its Intention To Use Certain Other Crimes, Wrongs Or Acts Evidence</u> (Docket No. 347)

In his motion the defendant seeks notice from the government of any evidence which it intends to offer in evidence at trial pursuant to Rule 404(b), Federal Rules of Evidence. In response to the defendant's motion the government states that it has no such evidence that it intends to offer at trial and that all of the evidence it will offer at trial relates to the charges made in the indictment. The government notes that if it does intend to offer such evidence it will give the defendant reasonable notice in advance of trial if it does so intend to offer any such evidence. Therefore, the defendant's motion should be denied as moot.

6. <u>Defendant Anthony Robinson's Supplemental Motion For Immediate Disclosure Of Favorable Evidence</u> (Docket No. 826), and

7. <u>Defendant Anthony Robinson's Motion For Rule [sic] To Show Cause Why Defendant's Motion For Disclosure Of Favorable Evidence Should Not Be Granted</u> (Docket No. 995).

In these motions the defendant asserts that the charges made against defendant Robinson in the superseding indictment relating to events occurring on January 2, 2011 (Counts 10 and 11) and on March 6, 2011 (Counts 14 and 15) are different from the allegations made as to those events in the original indictment in

Counts 12, 13, 16 and 17. As to the events of January 2, 2011, the defendant asserts that in Counts 12 and 13 of the original indictment he was charged with the offense of <u>second degree murder</u> in aid of a racketeering offense, whereas in Counts 10 and 11 of the superseding indictment he is charged with <u>first degree murder</u> in aid of a racketeering offense relating to the events of January 2, 2011. He claims that the government must have evidence favorable to him that caused the government to charge only second degree murder in the first instance in the original indictment. As to the charges relating to the March 6, 2011, events he claims that the original indictment alleged that co-defendant Allan Hunter participated in and had criminal culpability as to those events, whereas the allegations in the superseding indictment make no mention of the involvement of Allan Hunter in those events and that the government must have evidence favorable to him that caused the change in the indictment.

Argument was heard on these motions before the undersigned on September 26, 2012. At the oral argument the government informed the court that the changes in the nature of the violations alleged relating to the events of January 2, 2011, were changed in the superseding indictment because a witness became available to the government after the return of the original indictment whose testimony would support a charge of first degree murder whereas before the witness became available the government's evidence would have supported only a charge of second degree

murder.  As to the changes in the charges relating to the March 6, 2011, events, the government stated that the references to the involvement of Allan Hunter in those events was not recited in the superseding indictment because Allan Hunter had previously plead guilty and was not named as a defendant in the new superseding indictment.

These circumstances do not indicate that the government has evidence favorable to the defendant which it has not provided to him.  Therefore, the defendant's motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Anthony Robinson's Motion For Bill Of Particulars (Docket No. 337) is denied.

**IT IS HEREBY RECOMMENDED** that Defendant Anthony Robinson's Motion To Dismiss Counts (10, 11, 14 and 15) Of The Indictment (Docket No. 340) be denied.

**IT IS FURTHER ORDERED** that Defendant Anthony Robinson's Motion For An Order Requiring The Government To Give Immediate Notice Of Its Intention To Use Certain Other Crimes, Wrongs Or Acts Evidence (Docket No. 347) is denied.

**IT IS FURTHER ORDERED** that Defendant Anthony Robinson's Motion For Immediate Disclosure Of Favorable Evidence (Docket No. 345) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant Anthony Robinson's Motion To Strike Surplusage From The Indictment (Docket No. 342) is denied.

**IT IS FURTHER ORDERED** that Defendant Anthony Robinson's Supplemental Motion For Immediate Disclosure Of Favorable Evidence (Docket No. 826), and Defendant Anthony Robinson's Motion For Rule [sic] To Show Cause Why Defendant's Motion For Disclosure Of Favorable Evidence Should Not Be Granted (Docket No. 995) are denied.

The parties are advised that any written objections to these findings and determinations shall be filed not later than **October 5, 2012.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of September, 2012.