UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11 CR 246 CDP |
| ) | |
| ANTHONY ROBINSON(11), ) | |
| ) | |
| Defendant. ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, and
SENTENCING OPINION**

I sentenced defendant Anthony Robinson to life imprisonment. He was convicted by a jury of a RICO conspiracy and two counts of committing murder in aid of racketeering. Each of those counts of requires a mandatory life sentence. Robinson was also convicted of attempt to commit murder in aid of racketeering and evidence tampering. Although the life sentence is required by the statute and I had no discretion in imposing it, in Robinson's case I agree with the statute and the sentencing guidelines; any sentence other than life imprisonment would not be sufficient to meet the sentencing objectives set out in 18 U. S. C. § 3553(a).

This opinion sets out my findings of fact on contested factual issues, my conclusions of law regarding the advisory sentencing guidelines, and my rationale for concluding that the sentence is appropriate. My findings are based

on the preponderance of the evidence presented at trial.  Except as set forth here, I adopt the findings of fact and legal conclusions set out in the final presentence report (PSR) [docket # 1471].  The numbering below corresponds to the paragraph numbers in the PSR.

    26.    The phrase "*in the distribution of cocaine base, and*" is omitted from Paragraph 26, which is otherwise accurate.

    28.    The phrase "*and enrich the members and associates through criminal activity*" is stricken from Paragraph 28.  Paragraph 28 is otherwise accurate.  Members paid dues, and some members sold drugs and guns, but there was no evidence that this money-making criminal activity was a specific purpose of the organization.

Robinson objects to Paragraph 28 and numerous other paragraphs because they describe events involving other WOS members, and not him.  But because Robinson was convicted of a RICO conspiracy, it is appropriate that the PSR include a description of the criminal activity undertaken by in furtherance of the conspiracy, even though Robinson was not personally involved in all the acts of the co-conspirators.

    29.    The description in Paragraph 29 of the hierarchical organizational structure of the WOS is accurate and supported by the evidence.

The last sentence of paragraph 29 is stricken, and the following sentence is inserted in its place: "*A small percentage of WOS members have achieved 1%er or diamond status, which is a term used to describe members of OMGs who are represented to others as being members who routinely engage in significant criminal activity.*" Paragraph 29 is otherwise accurate. The evidence showed that wearing a 1%er or diamond patch was a status symbol conferred more by reason of rank or favor within the organization than because of criminal activity. The evidence also showed that WOS members intended that 1%er or diamond patches be perceived by others as evidence that the wearer routinely engaged in criminal activity.

30.   Paragraph 30 is accurate.

31.   Paragraph 31 is accurate. Although there was no evidence that Robinson was present or involved in this shooting, it is appropriate to include a full description of the criminal activities undertaken by conspirators in furtherance of the conspiracy.

32 - 36.  Paragraphs 32 through 36 are accurate. Although there was no evidence that Robinson was involved in these events, it is appropriate to include a full description of the criminal activities undertaken by conspirators in furtherance of the conspiracy. Additionally, evidence presented at trial included

a video recording of Robinson discussing the August 15, 2009, St. Louis shooting and stating his opinion that actions should be taken against any WOS member who failed to sufficiently defend another member involved in a shoot-out.

38.     The phrase "*for the common purpose of raising funds on behalf of WOS*" is stricken from the second sentence of Paragraph 38.  Paragraph 38 is otherwise accurate.

39, 40, 42, 46.  Paragraphs 39, 40, 42, and 46 are stricken as no evidence on these events was presented at trial.

41, 43.  Paragraphs 41 and 43 are accurate.  Although there was no evidence that Robinson was present or involved in these events, it is appropriate to include a full description of the criminal activities undertaken by conspirators in furtherance of the conspiracy.

44.     The third sentence of paragraph 44 is omitted and the following sentence is substituted in its place: "*It was later determined that Robinson inadvertently shot and killed WOS member, Bryant Glass during the shooting; E.S., the president of the Hawks, was also killed, most likely by Robinson but possibly by a non-WOS member involved in the shoot-out.*"  Paragraph 44 is otherwise accurate.  Robinson is responsible for both deaths because, even if his

bullet did not kill the second victim, his actions started the gun battle that left both people dead.

  45. Paragraph 45 is accurate.

  47. Paragraph 47 is accurate.

  48. Paragraph 48 is modified in that the seventh sentence is changed to read, in its entirety: "*It was further determined that Robinson fired the weapon that killed J.T.*"  Paragraph 48 is otherwise accurate.

  49. Paragraph 49 is modified so the first sentence reads: "*As to the relevant conduct of Anthony Robinson, evidence at trial showed that Robinson was the Sargent-At-Arms of the Chicago, Illinois, WOS chapter.*"  Paragraph 49 is otherwise accurate.

  50. Paragraph 50 is modified to reflect that the Brothers' Keepers was a "*social club*" instead of a "*motorcycle club.*"  Paragraph 50 is otherwise accurate.

  52. The second sentence of Paragraph 52 is amended to read as follows: "*Additionally, five other individuals were shot and wounded and were transported to local hospitals for treatment.*"  Paragraph 52 is otherwise accurate.

  53. Paragraph 53 is accurate.

  54. Paragraph 54 accurately sets out the government's contentions

about culpability levels, but I am not adopting these contentions. It is not necessary for the court to determine precise culpability levels among the 22 defendants in this case.

57 - 63.  The victim impact paragraphs of the PSR are accurate and it is appropriate to include in the PSR descriptions of the impact on all victims of the conspiracy, even though Robinson was not directly responsible for the losses to all of the identifiable victims. Robinson is, however, directly responsible for the deaths of victims B.G., E.S., J.T., and T.T. and so is responsible for any restitution claimed by survivors of those victims or by survivors of the same events.

65.     Paragraph 65 is stricken from the PSR.

67 - 99.  <u>Guidelines Calculations</u>:

Although the government conceded defendant's objections to the obstruction of justice enhancements, this does not change the ultimate guidelines sentence. The obstruction of justice adjustments contained in paragraphs 73, 79, 85, and 91 are stricken and do not apply. The Adjusted Offense Levels for each of the groups is thus changed as follows: Paragraph 74 (Group 1) is 43; Paragraph 80 (Group 2) is 43; Paragraph 86 (Group 3) is 35; and Paragraph 92 (Group 4) is 19. Applying the multiple count adjustment required by § 3D1.4

results in a Combined Adjusted Offense Level (in Paragraph 96) of 46.  The Sentencing Table (Chapter 5, Part A of the Sentencing Guidelines) directs that "An offense level of more than 43 is to be treated as an offense level of 43."

The guidelines conclusions set out in Paragraphs 99 and 139 are correct: for total offense level 43 and criminal history category II, the guidelines imprisonment range is life imprisonment.  Life imprisonment is also the statutory mandatory sentence for the convictions in Counts 1, 10, and 14.

The Sentence Imposed

As required by the statute and suggested by the advisory guidelines, I sentenced Robinson to life imprisonment.  Robinson's counsel urged that I give him a lower sentence, or that I at least state an alternative sentence should the life sentence ever be lifted or somehow overturned.  But as I stated at sentencing, I believe a life sentence is appropriate for Robinson, even if the statute had not required it.  The evidence at trial showed that he killed at least three people, and that even if he did not shoot the fourth person, he was responsible for that death because his actions caused the gun fight that resulted in the fourth victim's death.  The evidence showed that Robinson was responsible for the injuries of several other people involved in the various shoot-outs. The evidence showed that Robinson killed victim T.T. by shooting him in the back as he walked down

the street, and that Robinson did so merely because T.T. wore a Brother's Keepers jacket.  Robinson participated in beating a member of the community during the Marion, Ohio incident.  Robinson disposed of or directed others to dispose of weapons used in some of the killings.  Robinson is shown on one video recording exhorting others to do violence to a WOS member.

When all the factors under § 3553(a) are considered, I believe that the sentence of lifetime imprisonment is necessary to protect the public from further crimes of Robinson, as well as to reflect the seriousness of the crime and provide just punishment.  His counsel urged that a lower sentence was necessary to avoid unwarranted sentencing disparities, but no other defendant in this case is at all similar to Robinison.  Although Jerry Peteet shot one person, that person did not die.  And although Dominic Henley and Timothy Balle killed a person, the jury found them not guilty of murder, presumably because they believed Henley and Balle had acted in self-defense.  In Robinson's case, the evidence did not support any argument or instruction for self-defense in any of the instances where he killed people.

Robinson himself filed a number of nonsensical documents of the sort the court frequently receives from prisoners.  They are titled "Affidavit in the Nature of Supplemental Rules for Administrative and Maritime Claim Rules C(6),"

"Truth Affidavit in the Nature of Supplemental Rules for Administrative and Maritime Claim Rules C(6)," and "Reference: DissMissal of Charges."  At the sentencing hearing I advised him that these documents had no legal effect, but I nevertheless allowed him to argue about his supposed rights under the Uniform Commercial Code and the court's supposed lack of jurisdiction over the "corporate" or "fictional" Anthony Robinson.  To the extent Robinson believes these documents seek some sort of relief from the court, any request for relief is denied.

**IT IS HEREBY ORDERED** that the Clerk of Court shall docket this opinion separately in the public file, and shall also attach a copy of it to the Presentence Report that is filed under seal, so that it will accompany the report that is provided to the Bureau of Prisons or is otherwise lawfully disseminated. The Clerk of Court shall also attach a copy of this Opinion to the sealed Statement of Reasons.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of April, 2013.