UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11 CR 246 CDP-11 |
| | ) | |
| ANTHONY ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for release of funds from defendant's inmate trust account filed on May 17, 2021.  (Doc. 1859).  Defendant objects to the motion and requests the Court unencumber his account.  (Docs. 1861, 1865).  Plaintiff has filed a reply in support of its motion.  (Doc. 1862).  For the following reasons, plaintiff's motion will be granted and defendant's request will be denied.

On December 7, 2012, defendant was found guilty by a jury of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d) and 18 U.S.C. § 1963(a), two counts of murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(1), attempt to commit murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(5), and tampering with a victim, witness or informant in violation of 18 U.S.C. § 1512(c)(1).  (Doc. 1509).  I sentenced defendant to life imprisonment on April 23, 2013.  (Doc. 1509).  I also ordered Defendant to pay

$14,186.17 in restitution[1] and a special assessment of $500.  (Doc. 1509).  To date, defendant has paid $2,284.40 toward the total balance of this debt, and $12,151.77 remains due and owing.  Defendant is currently incarcerated at USP Terre Haute in Terre Haute, Indiana.

The Bureau of Prisons (BOP) has established inmate trust accounts in order to "allow the Bureau to maintain inmates' monies while they are incarcerated."  28 C.F.R. § 506.1.  "Family, friends, or other sources may deposit funds into these accounts." *Id.*  Defendant has such an account and currently has $2,753.21 in his account, resulting in part from tax credit payments issued by the Treasury Department related to COVID-19 stimulus relief legislation.  Defendant admits he received this stimulus money and did not notify the United States Attorney's Office of this payment, claiming he did not know he was obligated to do so.  Plaintiff now moves for an Order authorizing the BOP to turn over to the Clerk of Court the funds in defendant's trust account as payment for the criminal monetary penalties imposed in this case.

The procedure by which the government may enforce criminal monetary penalties is set forth by 18 U.S.C. § 3613.  An order of restitution is "a lien in favor of the United States on all property and rights to property. . . ."  18 U.S.C. § 3613(c).  Additionally, the Mandatory Victims Restitution Act states that "[i]f a person

---

[1] The obligation to C.S. is joint and several with James C. Smith and Anthony Owens, and the obligation to D.J. is joint and several with James C. Smith.  (Doc. 1509 at 7).

obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Defendant is required to notify this Court of any material change in his "economic circumstances" that might affect defendant's ability to pay restitution. 18 U.S.C. § 3664(k). The Court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. *Id*. "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id*. These statutes authorize plaintiff to request the turnover of inmate funds from an inmate trust account to be applied to restitution. *United States v. Poff,* 781 Fed. Appx. 593 (9th Cir. 2019); *United States v. Rand*, 924 F.3d 140 (5th Cir. 2019).

Defendant argues that his funds should be unencumbered because he has been making monthly restitution payments through the Inmate Financial Responsibility Program (IFRP), which has not changed his monthly payment amount. According to defendant, his monthly payment amount would have been changed if his "economic circumstances" changed.

Here, the funds are subject to the government's lien created by the restitution order entered in this case. 18 U.S.C. § 3613(c). Because the property at issue is cash, it does not fall within any of the applicable categories of exempt property that a

defendant may claim in a criminal case.  18 U.S.C. § 3613(a)(1).  There is no exemption in the statute for stimulus payments.  The Judgment entered against defendant provides that "all criminal monetary penalties are due in full immediately." (Doc. 1509).  That defendant has been making minimum payments through the IFRP does not change this fact or mean that these funds are exempt from the government's lien created by the restitution order entered in this case.

Based on the information set forth in the plaintiff's motion, the Court finds that defendant has substantial resources in the form of money that has been deposited in his inmate account held by the Bureau of Prisons, and this money is not exempt from enforcement of the judgment.  *See* 18 U.S.C. § 3613(a).  Moreover, the Court finds the receipt of these substantial resources constitutes a material change in defendant's economic circumstances that affects his ability to pay restitution under 18 U.S.C. § 3664(k).  Pursuant to the Crime Victim Rights Act, the victims of defendant's crimes are entitled to full and timely restitution as provided in law.  *See* 18 U.S.C. § 3771(a)(6).

Accordingly,

**IT IS ORDERED** that the motion for release of funds from inmate trust account [1859] is granted.

**IT IS FURTHER ORDERED** that United States Bureau of Prisons shall turn over to the Clerk of the United States District Court for the Eastern District of Missouri all funds in the inmate trust account of Defendant Anthony Robinson as

payment toward the criminal monetary penalties imposed against him via check payable to "United States District Court, Eastern District of Missouri," referencing Case No. 4:11 CR 246 CDP-11 delivered either personally or by First Class Mail to:

> Clerk of the U.S. District Court
> 111 S. 10th Street
> St. Louis, Missouri 63102

Alternatively, the Bureau of Prisons may make the required payment to the Clerk of Court within 30 days from the date of this Order via electronic transfer in the manner that it makes payments through the Inmate Financial Responsibility Program. Said payment shall be limited to the amount of criminal monetary penalties due. To the extent defendant's account balance may exceed the amount of criminal monetary penalties owed, the Bureau of Prisons is hereby directed to unencumber any such funds in the account.

*(signature)*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10day of August, 2021.